Marco Aurelio GONZALES–
ZEPEDA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–72924.

United States Court of Appeals,
Ninth Circuit.

**708**

Submitted July 21, 2003.*

Decided July 30, 2003.

Before: LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Marco Aurelio Gonzales–Zepeda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for

substantial evidence and will uphold the decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 480–81, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that Gonzales–Zepeda did not suffer past persecution, or possess a well-founded fear of future persecution, on account of his membership in any statutorily-protected group. *See* 8 U.S.C. § 1101(a)(42)(A). Recruitment attempts by guerrillas do not, without more, constitute persecution for asylum purposes. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

The record does not compel the conclusion that Gonzales–Zepeda faces persecution due to imputed political opinion because there is no evidence guerillas knew of Gonzales–Zepeda's political opinions or assumed any such opinion and imputed it to him. *See Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997).

Because he did not make the requisite showing for asylum, it follows that Gonzales–Zepeda failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

### PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.